| | | | |
|---|---|---|---|
| Case No.: | 2:19-cv-01610-AB | Date: | September 25, 2019 |

Title: In Re: Peli Popovich Hunt

Bankruptcy No.: 2:11-bk-58222-ER

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] Order Denying Plaintiff's Bankruptcy Appeal

Before the Court is Debtor Peli Popovich Hunt's appeal from the bankruptcy court's February 20, 2019 Decision to Approve Compromise (Appellant's Excerpt of Record ("ER"), 362-368). Hunt is proceeding *pro se*. ("Bankruptcy Court Order"). Having considered the parties' submissions, the Court deems this matter appropriate for resolution without oral argument and **affirms** the Bankruptcy Court Order.

## I. Background

Hunt commenced a voluntary Chapter 11 petition on November 23, 2011. On March 5, 2012, Elissa D. Miller was appointed as the Chapter 11 Trustee for Hunt's estate. Upon the Chapter 11 Trustee's motion, Hunt's case was converted to Chapter 7 and Elissa D. Miller was appointed as the Chapter 7 Trustee (the "Trustee").

Also on November 23, 2011, Robert W. Hunt, M.D., a medical corporation (the "Hunt Corporation") filed a voluntary Chapter 11 petition. On March 5, 2012, David M. Goodrich was appointed as the Chapter 11 Trustee of the Hunt Corporation's estate. The Hunt Corporation's case was subsequently converted to Chapter 7, upon motion of the

Chapter 11 Trustee and David M. Goodrich was appointed as the Chapter 7 Trustee.

    The Trustee and Hunt Corporation Trustee sought approval of a stipulation, regarding administrative claims filed by the Trustee. To avoid costly litigation and expedite the bankruptcy proceedings, the trustees entered a stipulation. On January 25, 2019, the Trustee filed a motion for approval of the stipulation, by which the Trustee sought the bankruptcy court's approval of the Stipulation pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure. The bankruptcy court approved the motion, and Debtor appealed the decision to this Court.

## II. Legal Standard

    Under 28 U.S.C. § 158(a), federal district courts have jurisdiction to review appeals from final orders and judgments of bankruptcy courts. A bankruptcy court's approval of a compromise is reviewed for abuse of discretion. *Debbie Reynolds Hotel & Casino, Inc. v. Calstar Corp. (In re Debbie Reynolds Hotel & Casino, Inc.)*, 255 F.3d 1061, 1065 (9th Cir. 2001). In applying the abuse of discretion standard, the court must first "determine *de novo* whether the [bankruptcy] court identified the correct legal rule to apply to the relief requested." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). If the correct legal rule was applied, the reviewing court then considers whether its "application of the correct legal standard was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Id.*

## III. Discussion

    The only issue the Court must review on appeal is whether the Bankruptcy Court Order erred in approving the Trustee's Motion. Nothing in Debtor's moving papers suggests that the bankruptcy court committed any error in its decision. Indeed, upon review of both Debtor's Opening Brief, and the arguments raised during numerous stages of the bankruptcy proceeding, it does not appear there is merit, or legal support for this appeal.

    Moreover, the Bankruptcy Court Order applies the law governing the approval of a compromise thoroughly and consistent with the standard discussed in *Hinkson*. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides the vehicle for approval of a compromise or settlement. *See* Fed. R. Bankr. P. 9019(a).

    Generally, a compromise should be approved if it is "fair and equitable" and in "the best interest of the estate." *In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988). In evaluating whether to approve a compromise, courts consider: (1) the probability of success in litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved and the expense; inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors and a proper deference to their reasonable views. *Martin v. Kane (In re A&C Properties)*, 784

F.2d 1377, 1381 (9th Cir. 1986), *cert denied*, 479 U.S. 854, 107 S. Ct. 189, 93 L. Ed. 2d 122 (1986).

      The Bankruptcy Court Order lays out in significant detail its reasons for approving the settlement and provides a thorough analysis on each of the factors articulated by Ninth Circuit precedent. The Bankruptcy Court Order discusses that the stipulation "eliminates the necessity of formal claim objections, which would involve contested of formal claim objections, which would involve contested factual issues and could result in costly and protracted litigation . . . ." Further, the Order discusses the complexity of potential litigation, and the probability of success on the merits. Debtor has not pointed the Court to any reason as to why the bankruptcy proceeding should not have been approved.[1]

      Accordingly, the Bankruptcy Court Order is **AFFIRMED**.

**IT IS SO ORDERED.**

CC: BK Court

---

[1] Debtor raises a number of arguments in its Opening Brief sounding in fairness, and appears to challenge the jurisdiction of the bankruptcy court to govern over the initial proceedings; none of the arguments raised in Debtor's papers are compelling, and many have already been addressed and rejected by the Bankruptcy Court.